NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARMEN S. ALVAREZ, | : |
| Plaintiff, | : Civil Action No. 12-6753 (SRC) |
| v. | : **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant. | : |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Carmen S. Alvarez ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and the case remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance and supplemental security income benefits, alleging disability beginning October 16, 2008. A hearing was held before ALJ Joel H. Friedman (the "ALJ") on December 15, 2011, and the ALJ issued a decision on June 29, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plantiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

The ALJ, in short, found that, at step three, Plaintiff did not meet or equal any of the

Listings, and that, at step four, she did not retain the residual functional capacity to perform her past relevant work. The ALJ found that Plaintiff retained the residual functional capacity to perform light work that involves simple, routine work in a low stress, low contact setting. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff appeals on several grounds, but this Court need reach only the argument for reversal that succeeds: at step five, the hypothetical presented by the ALJ to the vocational expert failed to comport with the holding of Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002). Plaintiff argues persuasively that the ALJ here made the same error which the Third Circuit identified and found a sufficient ground for reversal in Burns.

The transcript from the hearing before the ALJ shows that the ALJ presented the vocational expert with the following hypothetical:

> And assume for a moment an individual the claimant's age. She's a younger individual, age 42. Her education is limited. It was 10th grade. It's in Puerto Rico. She's not really literate and she looks like she may understand a few things in English but she doesn't really speak English. We're using an interpreter. Assume for the moment that I found her capable of performing the exertional demands of light work as defined in the regulations. If you were to factor into your response the following non—exertional limitations. First of all she would need to avoid concentrated exposure to extreme cold, heat, wetness, humidity. She would need to avoid even moderate exposure to fumes, odors, gases, and poor ventilation. Avoiding even moderate but not all exposure, in other words. That's that second category from the right. But she'd also be limited to simple, routine work in a low stress and low contact setting. And I would include in that that basically not jobs involving contact with the general public but low contact with coworkers and

supervisors.

(Tr. 69.) Based on this hypothetical, the vocational expert testified that jobs existed in significant numbers that such a person could do.

Plaintiff contends that the hypothetical did not comply with Third Circuit law because it did not accurately portray all of the claimant's mental impairments. In performing the residual functional capacity determination at step four, the ALJ reviewed medical evidence which included the February 2011 evaluation by consultative examiner Dr. Candela. (Tr. 24.) The ALJ stated that Dr. Candela diagnosed Plaintiff with "borderline intellectual functioning."[1] (Id.) The ALJ did not discuss the issue of intellectual functioning, nor did he mention any evidence that he found to conflict with Dr. Candela's diagnosis. Thus, the record does not show that the ALJ considered any evidence regarding Plaintiff's intellectual functioning except for Dr. Candela's diagnosis. Nor did he discount or reject Dr. Candela's diagnosis.

In Burns, the Third Circuit stated: "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns, 312 F.3d at 123. Dr. Candela's diagnosis constitutes medically undisputed evidence of a specific impairment. The only question is whether it was included in the hypothetical.

This Court need not puzzle about this question, because the facts of the instant case, in regard to this issue, are on all fours with those in Burns. In Burns, the ALJ had obtained a consultative psychological examination from Dr. Laviolette. Id. at 120. Dr. Laviolette's report

---

[1] The ALJ also determined at step two that borderline intellectual functioning was one of Plaintiff's severe impairments. (Tr. 19.)

3

concluded that the claimant was in the borderline range of intellectual functioning. Id. at 121.

The ALJ gave the vocational expert a hypothetical in which the only reference to mental limitations was the statement that the person was capable of "no more than simple repetitive one, two-step tasks." Id. at 122. The Third Circuit held:

> Here, the ALJ's hypothetical did not refer to any of the type of limitations later outlined in Dr. Laviolette's report. Instead, it merely referred to "simple repetitive one, two-step tasks." This phrase, however, does not specifically convey Burns' intellectual limitations referenced in Dr. Laviolette's report. Rather, it could refer to a host of physical and mental limitations, such as a person's mechanical or small motor skills, his lack of initiative or creativity, or a fear of, or unwillingness to take on, unfamiliar tasks. While the phrase could encompass a lack of intelligence, it does not necessarily incorporate all of the borderline aspects of Burns' intellectual functioning or the other deficiencies identified in Dr. Laviolette's report. For example, it certainly does not incorporate Dr. Laviolette's finding that Burns is borderline in the areas of reliability, common sense, ability to function independently, and judgment, or that he manifests flightiness, disassociation, oppositional tendencies, and difficulties in comprehension. As a result, the hypothetical did not include all of the limitations suffered by Burns, thus making it deficient.

Id. at 123.

Following Burns, the question before this Court is whether, in the instant case, the phrase used in the hypothetical, "limited to simple, routine work in a low stress and low contact setting," specifically conveys the intellectual limitations referenced in Dr. Candela's report. The analysis made by the Third Circuit in Burns applies equally well here: while this phrase could encompass a lack of intelligence, it does not necessarily incorporate the intellectual limitation Dr. Candela diagnosed. This Court is left with the definite sense that, had the ALJ made more specific reference to the limitations in Plaintiff's intellectual functioning, the vocational expert's answer might well have been different.

To repeat the key principle here, "[w]here there exists in the record medically undisputed

evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Burns, 312 F.3d at 123. This Court finds that there exists in the record medically undisputed evidence of borderline intellectual functioning which was not included in the hypothetical question to the vocational expert. Pursuant to Burns, the vocational expert's response is not considered substantial evidence. The Commissioner's determination at step five is not supported by substantial evidence.

The Commissioner's opposition brief, remarkably, ignores Burns. Instead, it cites to the non-precedential decision in McDonald v. Astrue, 293 Fed. Appx. 941, 946 (3d Cir. 2008). In McDonald, the Third Circuit found that a hypothetical limitation to "simple, routine tasks" sufficiently reflected the finding that the claimant had "moderate limitations with his ability to maintain concentration, persistence and pace." Id. On the question at issue, the instant case is very close to Burns and very far from McDonald. There is no getting around the fact that, in Burns, the Third Circuit found that a hypothetical limitation to simple, repetitive tasks does not sufficiently express a psychologist's diagnosis of borderline intellectual functioning. McDonald does not persuade this Court otherwise.

This Court concludes that the Commissioner's decision is not supported by substantial evidence, and that decision is vacated. This case is remanded to the Commissioner for further proceedings in accordance with this Opinion.

                                        s/ Stanley R. Chesler
                                      STANLEY R. CHESLER, U.S.D.J.

Dated: November 21, 2013